**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CYNTHIA R. CURRY, ) <br> ) <br>         Plaintiff, ) <br>     v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner, Social Security ) <br> Administration, ) <br> ) <br>         Defendant. ) <br> _____) | No. CV 06-6543 CW <br><br> DECISION AND ORDER |

    The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

    Plaintiff Cynthia Curry was born on May 20, 1956, and was forty-nine years old at the time of her latest administrative hearing. [Administrative Record ("AR"), 84, 424.] She has one year of college education and past relevant work experience as a school bus driver and

1  home care worker. [AR 21-22.]  Plaintiff alleges disability on the
2  basis of emphysema/chronic obstructive pulmonary disease, chronic
3  tendonitis in the right arm and left foot, and high blood pressure.
4  [AR 95.]

## II.  PRIOR PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act on May 15, 2001, alleging disability since April 26, 2001.  [JS 2.]  An administrative hearing was held on April 12, 2002, before Administrative Law Judge ("ALJ") James Paisley. [AR 327.]  ALJ Paisley denied benefits in a decision dated September 16, 2002. [AR 332.]  On March 18, 2004, the Appeals Council remanded the matter for further administrative proceedings, directing the ALJ to give further consideration to plaintiff's maximum residual functional capacity, to evaluate the treating physician's opinion, and, if appropriate, to obtain further vocational evidence. [AR 348-49.]  A subsequent administrative hearing was held on October 12, 2005, before ALJ Edward Schneeberger. [AR 424.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Randi Langford-Hetrach. [Id.]  ALJ Schneeberger denied benefits in a decision dated February 9, 2006.  When the Appeals Council denied review on August 17, 2006, the ALJ's decision became the final decision of the Commissioner. [AR 7.]

Plaintiff's complaint was lodged on October 13, 2006, and filed on October 18, 2006.  On April 24, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On June 26, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under

submission without oral argument.

## III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## IV.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must

demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288. If this burden is met, a <u>prima</u> <u>facie</u> case of disability is

made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset dates (step one); that plaintiff had "severe" impairments, namely sleep apnea and asthma (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 22.] Plaintiff was found to have an RFC for sedentary work, including, in pertinent part, the ability to lift ten pounds frequently and twenty pounds occasionally, stand or walk for two hours in an eight-hour workday, sit for six hours in an eight-hour workday, and avoid all moderate exposure to fumes, doors, dust, gases and poor ventilation. [AR 25.] Based on this RFC, plaintiff was found unable to return to her past relevant work (step four). [Id.] However, plaintiff was found capable of performing other work in the national economy, including telephone quote clerk, charge account clerk and call out operator (step five). [AR 26.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputed issues:

1. Whether the ALJ properly evaluated the severity of plaintiff's breathing condition as measured by a pulmonary function test;
2. Whether the ALJ properly evaluated the treating physician's opinion; and
3. Whether the ALJ properly evaluated plaintiff's subjective symptom testimony.

[JS 2, 10, 17.]

As discussed below, Issue Two is dispositive.

**D.  THE TREATING PHYSICIAN'S OPINION**

Plaintiff's treating physician, Dr. Brian Korotzer, completed a Pulmonary Residual Functional Capacity Questionnaire detailing plaintiff's breathing problems. [AR 373-77.]  Notably, Dr. Korotzer wrote that plaintiff's asthma attacks were usually moderate but at times were severe and required hospitalization; that the asthma attacks occur three to four times per year, and each episode incapacitates plaintiff for several weeks; and that plaintiff's lifting capacity in a competitive work situation should be limited to less than ten pounds, only on rare occasions. [AR 373-75.]

The ALJ found that "Dr. Korotzer's conclusions are too extreme for that which the physician describes," citing three reasons: (1) plaintiff had not been hospitalized for almost three years, (2) the record did not support that plaintiff's asthma attacks incapacitated her for "several weeks" because plaintiff did not undergo extended hospitalization or treatment after those episodes, and (3) there was no logical connection between the ten-pound lifting restriction and

plaintiff's asthma. [AR 24.] Instead, the ALJ adopted the opinion of Dr. Cohenzadeh, the state agency physician, who concluded that plaintiff could, among other things, lift twenty pounds occasionally and ten pounds frequently. [AR 23.] Plaintiff challenges the ALJ's evaluation of the medical evidence.

In the Ninth Circuit, the opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)(citations omitted). Where a treating physician's opinion on disability is uncontroverted, it cannot be rejected without clear and convincing reasons; where, as here, it is controverted,[2] it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Benecke v. Barnhart, 379 F.3d 587, 591 n.1 (9th Cir. 2004).

Here, the rationale provided to discount Dr. Korotzer's opinion did not constitute specific and legitimate reasons supported by substantial evidence in the record. First, the number of plaintiff's hospitalizations referred to in the decision does not account for plaintiff's July 2004 admission to the emergency room, to which she was referred by the pulmonary clinic for her hypertension. [AR 384.] Moreover, the record indicates that plaintiff has sought outpatient care for her breathing problems on numerous occasions. [AR 378-83.] Second, the reason offered to reject Dr. Korotzer's functional

---

[2] Dr. Jamshid Tamiry, an examining physician, found that plaintiff's asthma problems would not preclude her from performing the full range of medium work. [AR 139-44.] Dr. Cohenzadeh, a state agency review physician, opined that plaintiff's chronic obstructive pulmonary disease limited her to sedentary work. [AR 288-95.] The ALJ adopted the opinion of Dr. Cohenzadeh. [AR 23.]

assessment that plaintiff would be limited to lifting less than ten pounds, i.e., that there was no logical connection between the limitation and plaintiff's asthma, is not sufficiently specific or legitimate. No evidence is cited that clearly conflicts with Dr. Korotzer's assessment; nor has any logical evidence been cited to support the Commissioner's adoption of the more conservative functional assessment of the state agency review physician.[3] Although an ALJ has the authority to choose among conflicting opinions of functional capacity, he may not do so in the absence of specific and legitimate reasons for the choice. See 20 CFR § 404.1546(c); Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)(finding error when ALJ failed to set forth specific, legitimate reasons for crediting opinion of non-examining physician over examining physician). Accordingly, upon consideration of the reasons provided to reject Dr. Korotzer's opinion on the whole, they did not meet the Ninth Circuit's standard for evaluation of medical evidence, and reversal is required.

### E.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it

---

[3] As noted above, the state agency review physician determined that plaintiff was capable of lifting twenty pounds occasionally and ten pounds frequently. [AR 288.] Defendant argues, in part, that the ALJ's adoption of this opinion is supported by substantial evidence because Dr. Cohenzadeh first had a telephone conversation with Dr. Korotzer before making the assessment. [JS 15.] However, assuming that the conversation occurred and supported Dr. Cohenzadeh's assessment, at that time, it is evident from the record that Dr. Korotzer had a more limited view of plaintiff's functional capacity four years later, after additional treatment of plaintiff. [AR 375.]

1 is appropriate to exercise this discretion to direct an immediate
2 award of benefits.  Harman, 211 F.3d at 1179 (decision whether to
3 remand for further proceedings turns upon their likely utility).
4 However, where there are outstanding issues that must be resolved
5 before a determination can be made, and it is not clear from the
6 record that the ALJ would be required to find the claimant disabled if
7 all the evidence were properly evaluated, remand is appropriate.  Id.
8     Here, as set out above, specific and legitimate reasons were not
9 provided to reject the functional assessment provided by Dr. Korotzer;
10 however, even if Dr. Korotzer's opinion were credited as true, it does
11 not clearly establish that plaintiff is disabled.[4]  Accordingly,
12 outstanding issues remain before a finding of disability can be made,
13 and remand is appropriate.

**V.   ORDERS**

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED.**

2.   This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: September 11, 2007

_____/S/_____
            CARLA M. WOEHRLE
         United States Magistrate Judge

---

[4] Although Dr. Korotzer wrote that plaintiff could suffer three to four prolonged asthma attacks per year, he declined to estimate how many days per month she would be absent from work due to her impairments or estimate her capacity to tolerate work-related stress. [AR 374-76.]